REGAN, Judge.
This litigation emanates from the same source and is encompassed by substantially the same factual and legal issues which *104 were involved in the case of Meyers v. Southwest Region Conference Association of Seventh Day Adventist, La.App., 91 So.2d 106.
As we related in the foregoing case the principal question now posed for our consideration is whether Cox suffered any compensable disability as a result of the accident.
The record reveals that on the day of the accident (December 16, 1952) Cox was an ordained minister of the Seventh Day Adventist Church. He was the pastor of its church in New Orleans and was employed by it at an agreed salary of $51 per week. As set forth in the Meyer case, he was' injured when his automobile was involved in a collision with a truck near Colfax, Louisiana. As a result of this accident Cox suffered, according to a diagnosis[1] made by the Baptist Hospital of Alexandria, Louisiana, on the day of the accident, the following injuries:
“Compound fracture of upper left tibia.
“Punctured wounds and a linear deep abrasion of right tibia,
“Deep laceration of right forehead.
“Deep laceration into right nostril.
“Laceration of upper lip.
“Laceration of lower lip (through and through)
“Laceration of two fingers of left hand.
“Trauma of right face.”
Cox’ duties before the accident were the same as Meyers except that his parish[2] was larger and required more work. His testimony reveals with much clarity that, he is unable to perform any of the ministerial duties which were expected of him in the normal course of his employment. We have enumerated those duties in the Meyers case. Cox testified that as a result of the accident he suffered a chipped bone injury to his right cheek which abscessed and infected the nerve. This infection necessitated surgical intervention and as an aftermath thereof caused numbness in his upper lip which now interferes with his speech (the judge of the lower court especially commented during the course of the trial on the absence of clarity in Cox’ articulation) ; the fracture of his right leg now causes his knee to swell and pains him when he walks; the injuries to his chest have induced a cough which has persisted since the accident; the injuries have affected his eyesight, making it necessary that he now wear glasses; he suffers from continuous headaches which require sedation and which appear to grow worse with time. All of his testimony both as to the nature of his duties and his inability to satisfactorily discharge them was fully corroborated by his immediate superior, Rev. W. W. Ford-ham. He related that after closely observing Cox for several months he concluded that he could not discharge the duties en-cumbent upon the minister of the New Orleans Church which possessed a congregation composed of six hundred members and, therefore, assigned him to a church in Ken-ner, which had a congregation composed of only thirty members; finally, in February, 1954, he officially relieved Cox of all “pastoral duties” and assigned him to “evangelistic work.” Rev. Fordham also asserted that after the accident when Cox served for a short time as pastor of the New Orleans Church he was aided by M. M. Young, whereas prior to the accident he had no need of an assistant.
. The fact that Cox could not perform several or all of the duties of a minister without pain is also amply borne out by the testimony of his wife, who asserted that he *105 takes aspirin and empirin constantly with little relief therefrom. ■
In addition to the lay testimony, the medical testimony also substantiates the contention of plaintiff relative to his inability to discharge the duties of a minister.
Dr. William Fisher of New Orleans, Louisiana, on October 7, 1953, stated:
“This man as the result of an auto accident suffered several serious injuries. The more serious are outlined as follows:
“Acute cranial cerebral injury. Acute trauma to the face and chest. Compound fracture of the left leg. I believe that his medical care to the present time has brought good results. There remains several problems to be considered in the future treatment. * * *»
On May 30, 1954, Dr. Fisher stated that Cox was examined by him again on March 29, 1954. He asserted:
“Rev. Cox states that he is continuing to have headaches from one to three times a week and occasionally a headache will last an entire week. He estimates using a bottle of Empirin Compound a week. * * *.
“The left leg has improved. He states that he has occasional pain in the leg and swelling only after walking approximately four blocks. * * *
“Examination at this time reveals considerable swelling of the right anterior cheek. He claims numbness of the skin in this region. Function of the lip is also impaired. As far as I can judge there is no definite indication of muscle paralysis, however the possibility does exist.
“* * * The leg pain and swelling on walking four blocks indicates his capacity for work is increasing, but continues to be limited. * * * The swelling of the lip is a definite handi- . cap in his particular work, namely, preaching. * * * ”
Dr. Lee C. Schlesinger of New Orleans examined the'plaintiff on behalf of the defendants on September 2, 1953, and was of the opinion that while Cox had made an excellent recovery from his accident and had little residual which would impair him from continuing his present occupation, he, nevertheless, asserted that he had justifiable cause for distress during the early aspects of his condition and a major fracture of one leg without loss of alignment.
However, it is well to note that despite the foregoing report of Dr. Schlesinger the Rev. W. W. Fordham, President of the Southwest Region Conference and Cox’ immediate superior; relieved him of his duties as a “minister” and assigned him to “evangelistic work” because after a close observation of Cox he was forced to conclude that he was ’unable to' perform the arduous duties encumbent upon a minister of his Church.
We' are of the opinion that the plaintiff, at- the present time, is totally and permanently disabled and, as a result thereof, is unable to resume his former occupation as a minister. We are fully cognizant of the caution which we must exercise in a case of this nature in view of conflicting-medical testimony as to the future possibility or probability of a full recovery, however, if this plaintiff’s condition should improve in the future, the defendants may avail themselves of the provisions of the Workmen’s Compensation Law, LSA-R.S. 23:1031 et scq., which affords them the right to reopen the case after the lapse of six months. Gunther v. Strachan Shipping Co., La.App.1956, 85 So.2d 543; Ladner v. Higgins, Inc., La.App.1954, 71 So.2d 242; Dixon v. T. J. Moss Tie Co., La.App.1954, 70 So.2d 763; Jones v. Atlantic & Gulf Stevedores, La,App.1949, 38 So.2d 653.
For the reasons stated in the Meyers case Cox is'not entitled to a reduction of the credit of $2,000 (which represents. *106 plaintiff’s recovery in tort from the public liability insurer of the owner of the truck) allowed the defendants by the trial judge.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. This- diagnosis omits “acute cranial cerebral injury” , and “acute trauma to the ' chest”, as evidence by Dr. Fisher’s history of the patitent.

. City of New Orleans.