REGAN, Judge.
Plaintiff, Rev. Samuel David Meyers, a minister, instituted this suit against the defendants, The Southwest Region Conference Association of Seventh Day Adventist, and their insurer, the Indemnity Insurance Company of North America, endeavoring to recover workmen’s compensation of $30 per week for a period of four hundred weeks and the maximum medical expenses of $1,000. Plaintiff asserts that he is totally and permanently disabled as a result of injuries incurred by him, in the course of his employment, on December 16, 1952, when an automobile, operated by Rev. Jeter E. Cox in which he was a passenger, collided with a truck near Colfax, Louisiana.
The defendants answered admitting the employment and the occurrence of the accident but denied, for several reasons, that the injuries were compensable. They initially contended that a minister employed by an incorporated church is not engaged in *107 a “trade, business or occupation” nor is such a minister, who is required to visit members of the congregation in his automobile, engaged in a “hazardous occupation” within the contemplation of the Workmen’s Compensation Law, LSA-R.S. 23:1035. In the final analysis, they insisted that the plaintiff suffered no compensa-ble disability as a result of the accident.
During the course of the trial in the lower court it was stipulated that the plaintiff had received the sum of $6,500 as damages in compromise of his claim in tort against the other parties involved in the accident.
The lower court awarded plaintiff a judgment against the defendants, in solido, for $30 per week for four hundred weeks and $1,000 for medical expenses, subject to a credit of $6,500 which plaintiff had received as aforesaid. It was further ordered that “no compensation shall be payable to plaintiff hereunder * * * from December 16th, 1952 to April 1st, 1953, during which (time) plaintiff was paid a salary exceeding the amount of $30.00 per week and during which (time) he was still employed as a minister.” From this judgment both defendants have appealed and plaintiff has answered the appeal requesting that the judgment be amended by the elimination of the credit allowed defendants or, alternatively, that this credit should be reduced to the net amount actually recovered by the plaintiff or $4,875, the sum of $1,625 having been paid by plaintiff as an attorney’s fee for the prosecution of his claim in tort.
In order to facilitate and expedite the trial hereof this case was consolidated with a similar one which encompassed substantially the same factual and legal issues. The suit referred to is entitled Cox v. Southwest Region Conference Association of Seventh Day Adventist, La.App., 91 So.2d 103. In that case the plaintiff, who was the operator of the vehicle in which Meyers was a passenger, asserted his claim for total and permanent disability and $1,000 for medical expenses. In the lower court. it was stipulated that he had received the sum of $2,000 as damages in compromise of his claim in tort against the other party involved in the accident.
The lower court awarded Cox a judgment against both defendants, in solido, for $30 per week for a period of four hundred weeks and $1,000 for medical expenses, subject to a credit of $2,000 which he had recovered as aforesaid. It was further ordered that “no compensation shall be payable to plaintiff hereunder * ■ * * from December 16th, 1952 to February 1st, 1954, during which (time) plaintiff was paid a salary exceeding the amount of $30.00 per week and during which (time) he was still employed as a minister.” From this judgment the defendant appealed and plaintiff answered the appeal requesting that the judgment be amended by the elimination of the credit allowed to defendants or, alternatively, that this credit should be reduced to the net amount actually recovered by plaintiff or $1,700, the sum of $300 having been paid by plaintiff as an attorney’s fee for the prosecution of his claim in tort.
We reversed the judgments of the district court and dismissed plaintiff’s suit in each case for the reason that we were of the opinion that the accident was not com-pensable (a) because a church corporation is not engaged in a trade, business or occupation and (b) that even if it is, its activities are not hazardous since the use of motor vehicles does not constitute an essential element of its business or occupation. Meyers v. Southwest Region Conference Association of Seventh Day Adventist, La.App., 79 So.2d 595 — Cox v. Southwest Region Conference Association of Seventh Day Adventist, La.App., 79 So.2d 600.
Writs of certiorari were granted by the Supreme Court and ultimately it reversed this court and decided “that the accident out of which this suit stems is compensable, provided, of course, that plaintiff 'has suffered disability therefrom”, and remanded the cases to us principally for a consideration of the disability incurred by the plain *108 tiffs as a result of the accident. Meyers v. Southwest Region Conference Association of Seventh Day Adventist, 230 La. 310, 88 So.2d 381, 386-Cox v. Southwest Region Conference Association of Seventh Day Adventist, 230 La. 383, 88 So.2d 665.
As we have related hereinabove the principal question now posed for our consideration is whether plaintiff suffered any com-pensable disability as a result of the accident.
.The record reveals that on the day of the accident (December 16, 1952) Meyers was,an ordained minister of the .Seventh Pay Adventist Church. The corporate name of his employer was Southwest Region Conference Association of Seventh Day Adventist, which is one of the defendants herein. He was the pastor of its church in Baton Rouge, Louisiana and was employed by it at an agreed salary of $51 per week. On or about December 10, 1952, he received a letter emanating from the office in Dallas, Texas, instructing him to attend a .committee meeting there on December 17, 1956. He was informed that Reverend Jeter E.' Cox from New Orleans would pick him up in Baton Rouge and drive him to Dallas. ■ ' •
,■ In the course of the trip to Dallas Cox’ car collided vvith a truck near Colfax, Louisiana. One passenger was killed and Meyers and Cox were very seriously inr jured.
As- a result of this accident Meyers’ right hip, left'wrist and left elbow were fractured. He incúrred severe multiple facial lacerations. He was hospitalized in Baton Rouge for a period of three months. At the time of the trial in the lower court, which was approximately eighteen months after the accident, he suffered pain and discomfort from his shattered hip, for which a corrective operation was recommended by Dr. Arthur Stindler.
The evidence reflects that the slightest movement of his'hip causes pain and that he is unable to walk more than a block or two at a time. He cannot kneel or stoop to' tie his shoes and the hip is especially painful at night. The injured left arm feels numb and he has lost some of the ability to grip with his left hand. His eyesight has also been impaired.
Prior to the accident his principal duties as a minister, as defined by his superior Rev. W. W. Fordham, President of the Conference, were:
1. The performance of baptisms by total immersion.
2. Officiating at funerals.
3. Sick calls to members of the congregation.
4. The collection of tithes.
'5.- Visiting all of his parishioners at least once each quarter.
- 6. Aiding in the pitching of tents used for conducting revival meetings.
7. Assuming the lead in fund collecting drives by 'solicitation thereof on the public streets.
8.. Preaching'of sermons.
9. Operation of an automobile in the ’course of his ministerial duties on "an average of between 1500 and 2000 " miles per m'onth.
10. .Actually engaging in the physical, erection of churches and other related buildings. ,-
:11. Active participation in recreational activities.
In March of 1953, plaintiff endeavored to resume his employment and on April, 1953, he decided to sever his employment with the Southwest Region Conference Association and was subsequently employed, in the same capacity, by the Central States Conference, which is another corporation connected with the same church and was thereafter assigned to Kansas City, Missouri. He endeavored to serve as minister of a church there, but his physical con *109 dition militated against this effort. At his suggestion he was offered lighter work • — that of an “evangelist”,[1]- whose duties are confined almost entirely to preaching and requires about four hours a week of actual work. He was so employed at the time of the trial in the court below. The fact that plaintiff cannot perform several or all of the duties of a miriister without pain is amply borne Out by both the medical and lay testimony..
Dr. J. Willard Dowell of Baton Rouge, Louisiana, on February 13, 1953, stated:
“He will, undoubtedly, have some permanent disability as a result of the fracture of the right acetabulum. The percentage of this disability should be estimated after maximum improvement has taken place.”
On April 16, 1953, he stated:
“I feel that it is too early to estimate his permanent disability but, undoubtedly, he will have some permanent disability in both his right hip and left wrist.”
On March 28, 1954, Dr. Arthur Stin-dler of the Orthopedic Department of Mercy Hospital, Iowa City, Iowa, stated:
“The result of this injury is a severe osteoarthritis of the right hip which practically .abolishes most of the motion in this joint and which is continuing to be painful. ■
“It is my opinion that the rigidity of the hip is a permanent condition and that the pain is very likely to increase-as time goes on.”
On April 14, 1954, this same physician said':
“The accident * * * will no doubt affect his ability to carry out his duties.
“The condition is likely to be stationary unless something is done in an operative way to relieve him.”
On April 19, 1954, Dr. George Berkett of New Orleans, Louisiana, stated:
“This patient has exceedingly serious injury to his right hip joint. His com-, plaints referable to the right hip are justified. I believe that the patient does have pain almost constantly and certainly use of the right lower extremity increases it. I also feel that he demonstrates' sufficient to substantiate the complaint of difficulty in ascending stairs.
“ * * * I believe that any work that he does do will be accompanied by pain in the right hip.”
'Dr. A. N. Houston, who examined the plaintiff on behalf of the defendants, on August 12, 1953, stated
“He has suffered a disability of the left forearm and hand which could be estimated to be a loss ,of fifty per cent of its function and fortunately he is engaged in the profession, which he has chosen fpr if he were a laborer the percentage of. disability would be much greater. This man . does have, symptoms and physical evidence of disability in the right hip and it is hot likely that this will improve to any degree, and to the contrary the arthritic changes may increase, but I could not anticipate any total - disability arising in the future. The patient himself states that his hip does not disable him in his business except that he cannot indulge in the physical setting up of tents, which is normally required from time to time.”
Meyers’ wife testified that he complains of constant pain in his hip and, on occasions, had to call in other ministers or *110 elders to preach in his place and, at times when he does preach, exhaustion ensues which necessitates immediate rest.
It is obvious that even the limited tasks he still performs are at the sacrifice of great pain and discomfort; that his condition has not improved and may never improve unless a major operation which has been recommended, is successful.
We are of the opinion that Meyers is totally and permanently disabled and, as a result thereof, is unable to resume his former occupation as a minister.
Plaintiff, while acknowledging the correctness of the judgment of the lower court in awarding him total and permanent disability, asserts on the other hand that it was error for the court below to allow the defendants a credit of $6,500, which represented plaintiff’s recovery in tort from the public liability insurers of his employer and the owner of the truck involved in the accident. Plaintiff contends that since he paid his attorney $1,625 as a fee for effecting a compromise of the claim in tort, that the court should only have allowed defendants a credit of $4,875, the net amount which he received and cites in support thereof LSA-R.S. 23:1103, the pertinent portion of which reads:
“In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, with a reasonable attorney’s fee and his costs, such damages shall be assessed solely in his favor * *
The statute obviously makes no provision for the employee to obtain an attorney’s fee in the event that he initiates suit. On the other hand the statute provides specifically for the inclusion of an attorney’s fee in the event that the employer initiates the suit. To adopt the view expressed by the plaintiff would, in its effect, be tantamount to judicial legislation, and we are, therefore, of the opinion that the trial judge was correct in allowing the defendants a credit of $6,500.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. As distinguished from that of a minister, the arduous duties of which have been enumerated.