HARDY, Judge.
This is a compensation action in which plaintiff claimed an award as for total, permanent disability, and he appeals from a judgment awarding compensation at the rate of $35 per week for fifty weeks, less credits for compensation theretofore paid.
There is no substantial question as to the facts with the exception of the issue as to the extent and duration of plaintiff’s injuries. On March 12, 1958, while engaged in refueling a lumber hoisting vehicle, commonly known as a straddle truck, plaintiff was knocked from the top of the truck to the ground, some eight or nine feet below, by a stroke of lightning, allegedly sustaining injuries to his right leg and back. For many years prior to the accident plaintiff suffered from an affliction of the left hip and leg, which, however, did not interfere with the performance of his duties for the defendant company by which he had been employed for some fifteen years or more.
Medical testimony was given on behalf of plaintiff by Dr. G. H. Cassity, a general practitioner of Shreveport, who examined the plaintiff, and by Dr. Donald F. Over-dyke, an orthopedic surgeon, to whom plaintiff was referred by his treating physician and by whom plaintiff was not only examined but treated. Medical testimony on behalf of defendant was tendered by Dr. Eichelberger, a general practitioner of Ringgold who was plaintiff’s treating physician following the accident, and by Dr. Ray E. King, an orthopedic surgeon of Shreveport. Additionally, the record contains the testimony of numerous lay witnesses on behalf of both parties.
Without the necessity for detailed analysis of the testimony, we think the record supports the conclusion of the trial judge that at the time of trial the plaintiff was totally disabled from the performance of the same or similar duties in which he was engaged at the time of the accident, which disability was principally due to the aggravation of an existing condition. However, close examination of the record fails to disclose any prognosis which would justify a definite conclusion as to the period of duration of plaintiff’s disability. For this reason, we think the learned trial judge was in error in fixing or attempting to estimate the period of disability. Our jurisprudence has established, and consistently followed, the principle that in cases in which an employee establishes total disability as of the time of trial, and where there is no proof as to *325 a definite termination of such disability, the proper judgment is an award of compensation as for total permanent disability for a period not exceeding 400 weeks; Cummings v. T. H. Mastin & Co., La.App., 17 So.2d 40; Dixon v. T. J. Moss Tie Co., La.App., 70 So.2d 763; Cox v. Southwest Region Conference Ass’n, La.App., 91 So.2d 103; Kimbrell v. Travelers Ins. Co., La.App., 83 So.2d 561.
As was observed in the case of Dixon v. T. J. Moss Tie Co., cited supra, a court does not have the right to prophesy and, upon such a prophecy, to fix a time when an established disability might cease.
In such cases an employer is protected by the terms of the statute itself, which grants the right to apply for a modification of the judgment based upon a reexamination and re-evaluation of the disability. LSA-R.S. 23 :1331.
In view of our conclusion, which accords with that of the trial judge, that plaintiff was disabled at the time of trial, and in further consideration of the fact that the period of existence of the disability was not established, it follows that judgment should have been awarded for a period not exceeding 400 weeks.
In connection with this appeal counsel for plaintiff urges error in the judgment appealed from with respect to the fixing of expert witness fees. We observe no error in this connection except with respect to the fee of Dr. G. H. Cas-sity, which was fixed in the judgment at $35. This witness, qualified as a medical expert, resides and practices in the City of Shreveport, and the record discloses that he was present and testified in person on trial of the case in Arcadia, Bienville Parish, some fifty miles distant. Under these circumstances, we think a fee of $35 was woefully inadequate and should be increased to $75.
For the reasons assigned the judgment appealed from is amended 'to the extent of increasing the period fixed therein from fifty weeks to not more than four hundred weeks; by increasing the expert witness fee allowed Dr. G. H. Cassity from $35 to $75, and as thus amended the judgment is affirmed at the cost of defendant-appellee.
GLADNEY, J., dissents, giving written reasons.