AYRES, Judge.
Plaintiff, by this action, sought to recover of his former employer and its insurer workmen’s compensation at the statutory maximum rate as for total and permanent disability. The court concluded, however, that, while plaintiff was totally disabled, such disability was only of a temporary character and, accordingly, awarded plaintiff compensation for the period of his disability — not, however, to exceed 300 weeks. From a judgment thus rendered and signed, defendants appealed.
The defendants assign as errors the action of the trial court in finding
(1) that plaintiff sustained accidental injuries arising out of and in the scope of his employment, and
(2) that he was disabled by reason of such injuries, or
(3) that he was disabled at the time of trial.
Finally, it is contended that, in accordance with the law and evidence, the court should have fixed the probable duration of plaintiff’s disability.
The issues thus raised are factual in character. A brief statement is a prerequisite to a consideration of the enumerated questions.
The defendant employer was engaged in the construction of a segment of Interstate 20, a controlled-access highway. Plaintiff was employed as a common laborer on this project. On the day of his alleged injury, plaintiff and a fellow employee were engaged in erecting, in place, prefabricated wooden forms necessary for the construction of a concrete culvert. These forms, approximately 6x8' in size, had an estimated weight of fifty to one-hundred pounds each, depending, to some extent, upon their moisture content due to absorption through prior use. Plaintiff contends that, while standing with one foot in a ditch in which the form was being erected, with the other foot on the bank of the ditch, and while lifting and placing in position one of the forms so that it might be nailed to another already erected and in place, he sustained an injury to his back.
Immediately following the occurrence, plaintiff complained to his fellow employee, and shortly thereafter to his foreman, that he had injured his back. In this, he is corroborated by the testimony of both of these parties. The foreman then placed plaintiff on lighter work until the arrival of the general foreman who had, in the meantime, been notified of plaintiff’s injuries. The foreman then carried plaintiff to his office where plaintiff made a formal *461 statement as to the occurrence of the accident. Plaintiff was then carried by the general foreman to a clinic in Ruston where he was placed under the care and treatment of Dr. Robert W. Sharp.
On reporting to the clinic, plaintiff was given an examination by Dr. Sharp. Plaintiff’s back was found to be essentially normal, with no tenderness disclosed by the examination itself. The doctor stated, however, that “ * * * the ultrasound machine, which does have some diagnostic implication, did delineate an area of tenderness in the left lumbar back muscles.” Plaintiff’s condition was diagnosed as a mild back sprain. A muscle relaxant by the name of “Norflex” was administered and physiotherapy was recommended and administered during the next four days as plaintiff reported to the clinic.
Thereafter, plaintiff, who lived in Homer, was attended by his local family physician, Dr. James F. Gladney. On examination, Dr. Gladney found tenderness to palpation or pressure over the lower lumbar spine and between the hips. Physiotherapy was continued. Muscle spasm was not particularly noted, probably due, however, in the doctor’s opinion, to the relaxant plaintiff had been given. Dr. Gladney’s diagnosis was that plaintiff had sustained a pulled or sprained muscle, and recommended that plaintiff not do any lifting or heavy work. At the time of trial, June 8, 1964, the doctor testified that plaintiff was disabled.
Dr. Sharp was of the opinion that plaintiff could have expected to experience soreness in his back, but that he should have recovered and been able to resume work within a few days.
Plaintiff was referred by defendants to Dr. Bennett H. Young, an orthopedist, for examination and an appraisal of his condition. Examination of May 23, 1961, disclosed, in the doctor’s opinion, no evidence of pathology or injury. The nature and location of plaintiff’s complaints and his activities during the examination, as well as the physical and x-ray findings, suggested, in the doctor’s opinion, that plaintiff was, in all probability, malingering. The doctor discounted all plaintiff’s complaints of pain, and testified he found no basis from which it could be concluded plaintiff could not be gainfully employed.
Resolution of the issues presented require an evaluation and appraisal of the facts as established in the record.
The trial court relied primarily upon the testimony of Dr. Gladney relative to the nature and extent of plaintiff’s injuries. Dr. Gladney, plaintiff’s family physician for many years, was of the opinion, as stated, that plaintiff had sustained accidental injuries from which, at the time of trial, he was disabled. From the doctor’s knowledge of plaintiff and from the conclusions reached as the result of his examination and treatments, the doctor was confident of the reality of the pain of which plaintiff complained.
From the record, to which we have referred in some detail, we are not only unable to find any manifest error in the conclusions reached by the trial court that plaintiff sustained disabling accidental injuries, and that he was disabled by reason thereof at the time of trial, but find that the record supports such a conclusion.
Finally for consideration is the complaint that the court erred in refusing to fix the period of the probable duration of plaintiff’s disability. The contention thus made is predicated upon a provision in the workmen’s compensation statute, LSA-R.S. 23 :- 1222. This section provides that
“For injury producing temporary total or temporary partial disability the court may, in its discretion, award compensation for a fixed number of weeks to be based upon the probable duration of such disability.”
We do not believe that the evidence taken as a whole sufficiently establishes the probable length of time it will take for the *462 injury plaintiff suffered April 13, 1961, to completely subside. Application of this provision of the law is purely discretionary with the court, as its language clearly indicates. Guillory v. Southern Farm Bureau Casualty Ins. Co., 237 La. 374, 111 So.2d 314, 319.
From the testimony of Dr. Glad-ney, it appears uncertain as to the duration of plaintiff’s disability. The doctor recognized, and so testified, that, as a rule, plaintiff should have recovered from the effects of a back sprain by the time of the trial, but he also testified “ * * * there is no' certain time that it takes to get a back sprain well.” In this connection, the doctor stated:
“I don’t know when he will be well. I have told Jimmy all along, from the first day that I saw him, that I felt that he was going to be all right; that I felt that he would be able to return to his previous work and that it would take a little time to reach that place. Now, sometimes we wonder what we mean by ‘a little time,’ whether you mean a few weeks or a month or two. Just how much more time he should be given before other diagnostic tests are made, to try to prove or disprove the presence of something more serious, would be a matter of opinion.”
The doctor further testified that plaintiff
“ * * * may not have anything wrong with him of a serious nature— that is, a disc or something of that nature — and he probably doesn’t; and certainly, if he doesn’t, well, this back pain should leave and he should be able to return to his normal work. Now, I do not think that any of us, whether we are general practitioners or whether we are orthopedic consultants, can always say definitely about these things. Sometimes it takes time to see how the thing will turn out.”
In the aforesaid language, the doctor expressed the opinion that plaintiff was, at the time of trial, disabled from doing heavy work, and that it would be difficult to limit the period of such disability. Therefore, a close examination of the record fails to disclose any prognosis which would justify a definite conclusion as to the period of duration of plaintiff’s disability. As was stated in Williams v. Martin Timber Company, La.App. 2d Cir., 1959, 116 So.2d 323, 324-325 (writs denied).
“ * * * Our jurisprudence has established, and consistently followed, the principle that in cases in which an employee establishes total disability as of the time of trial, and where there is no proof as to a definite termination of such disability, the proper judgment is an award of compensation as for total permanent disability for a period not exceeding 400 weeks; * *
The defendants further contend the right should have been reserved to them to reopen this proceeding within a period of less than six months. The provisions of the appropriate statute, so far as pertinent, provide :
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. * * * ” LSA-R.S. 23:1331.
This contention, we find without merit. In doing so, we do not deem it necessary to' discuss or express an opinion as to the court’s discretionary authority to reopen a workmen’s compensation case within a six-month period following the rendition of a judgment therein, inasmuch as the judgment appealed was signed June 29, 1961, and more than six months have elapsed since its rendition. The question is moot.
*463 For the reasons assigned, the judgment •appealed is accordingly affirmed at defendants-appellants’ cost.
Affirmed.