TATE, Judge
(concurring).
The trial court awarded the plaintiff four months residual disability from the time of her last medical examination on May 27, 1965, (a week before the trial of June 4). Ordinarily, when in fact the plaintiff is still disabled at the time of trial, the proper award is either for temporary total (300 weeks) or permanent total (400 weeks) disability: For the employer can protect himself and secure periodic revision of the award should the disability lessen, whereas the employee is caused hardship or may even be deprived of compensation should! his disability persist beyond the medical estimates of future duration, which estimates; are essentially speculative and which are-so often inaccurate. See: Soileau v. Tyl, La.App. 3 Cir., 148 So.2d 173; Cloud v. National Surety Corp., La.App. 3 Cir., 138 So.2d 630; Monk v. American General Insurance Co., La.App. 2 Cir., 137 So.2d 459; Williams v. Martin Timber Co., La.App. 2. Cir., 116 So.2d 323, certiorari denied;: Ebarb v. Southern Industries Co., La.App. 1 Cir., 78 So.2d 553; Whiddon v. Concrete Pipes Products Co., Inc., La.App. 1 Cir., 78 So.2d 439. See also Guillory v. Southern Farm Bureau Casualty Ins. Co., 237 La. 374, 111 So.2d 314.
Nevertheless, where consistent and essentially uncontradicted medical estimates indicate fairly certainly a duration of disability of less than six months from the date of the judgment of the court awarding the judgment, there may not be an abuse of' the court’s discretion to award compensation for a limited number of weeks based’ upon a “probable duration” of disability- *185 •indicated with reasonable definiteness by the practically uncontradicted medical testimony, providing the injured worker’s right is reserved to reopen the proceedings should .the disability persist beyond the estimates. Lambert v. American Policyholders Insurance Co., La.App. 1 Cir., 100 S.2d 267; Newman v. Zurich General Accident and Liability Insurance Co., La.App. 1 Cir., 87 So.2d 230.
In the present instance, therefore, I think •normally the trial court judgment should ■either have awarded compensation during 300 weeks disability, reserving the right of the defendant to reopen in four months, or else have awarded four months compensation, reserving the right of the plaintiff to reopen should disability persist longer. See concurring opinion in Newman v. Zurich, cited about at 87 So.2d 235.
Under the facts of the present case, how•ever, we can be reasonably certain that the plaintiff suffered no actual prejudice by a failure to reserve her right to reopen. The present case was tried on June 4. The trial court’s written reasons for judgment were handed down on September 2 (with the judgment being signed on September 10), awarding the plaintiff compensation ending September 27, 1965, based upon the orthopedist’s opinion four months earlier that plaintiff would be fully recovered by that latter date. If the plaintiff’s disability had in fact persisted through the date of judgment, she could have applied for a new trial and a reopening of the note of evidence to prove such continued residual disability. See Robinson v. Fidelity and Casualty Co. of New York, La.App. 3 Cir., 181 So.2d 318.
Since she failed to do so, and since she has not in this court sought a remand to prove any residual disability, she is apparently relying simply on the proposition of law that the trial court should have rendered a 300 week judgment, whether or not her disability has in fact persisted beyond dhe four months estimated duration. Under these circumstances, it seems to me that we are correct in our affirmance.
For the foregoing reasons, the writer concurs in the majority opinion.
On Application for Rehearing.
En Banc. Rehearing denied.