REDMANN, Judge
(dissenting).
Defendant employer appeals from a judgment enforcing its admitted liability to plaintiff for workmen’s compensation. Defendant theorizes its liability was discharged by plaintiff’s compromise with some third persons (who are thought to be tort feasors).
Defendant’s affirmative defense has no other statutory foundation than the provisions of R.S. 23:1101 — 1103[1] that a compensation-paying employer “may bring suit against such [tortfeasant] third person to recover” compensation payments, § 1101, or *204 intervene in the employer’s suit, § 1102, and, where damages are recovered, “such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent,” and where part of the judgment will be payable to employee or dependent, “upon payment thereof * * * the liability of the employer for compensation shall cease for such part * * *,” § 1103.
The defense theory is thus that a claimant who receives a tort settlement, as surely as one who receives satisfaction of a tort judgment as specified in § 1103, is pro tanto no longer entitled to workmen’s compensation.
But this theory (1) assumes as a fact that the circumstances here created in the third persons “a legal liability to pay damages”, § 1101, and (2) assumes as the law that an employer cannot owe contribution or indemnity to the extent of his compensation liability even if the damages were caused by his joint or exclusive actual fault.[2]
The fact is, as this exceptional record shows, that the circumstances did not create in the third persons a legal liability to pay damages: and that was precisely the basis of the $15,000 settlement of damages which the third persons and a judge, in pre-trial, evaluated at $100,000. This record proves that it was not quantum that was in dispute and in which differences were compromised, but liability. The only evidence regarding the third persons’ “legal liability” is that it very probably (by an 80% probability, the judge thought) did not exist.
Accordingly, if a yes-or-no result is to be had, I would have to conclude that the third persons from whom plaintiff received $15,000 had, by the “preponderance” of the evidence, no legal liability and therefore owed the employer no reimbursement. Thus there was no pro tanto discharge of the employer’s remaining comp liability under § 1103 and the judgment below was correct.
It could be concluded, with some apparent reasonableness, that any time an injured employee or dependent alleges liability in a tort suit, he is bound forever by that allegation. He would therefore have to give the employer full credit even for nuisance-value settlements. This point of view, in my opinion, both ignores the liberal construction canon and thrusts upon the employee or dependent the prior duty to settle for the employer, paying the em *205 ployer’s costs and attorney’s fees, making folly of § 1102’s authorization to the employer to intervene.[3] I therefore reject this possible rationalization (in part) of the majority result.
There is another possibility. Not as attractive or as simple as the conclusion of no liability in the third person who settled on a 15% basis, a conclusion that the third person was 15% liable, and the disinterested employer might therefore obtain reimbursement of 15% of his comp payment, seems not altogether offensive to notions of fairness (though the matter of the employer’s obligation to share the burden of attorney’s fees and costs remains, despite the unjust contrariety of Meyers v. Southwest Region, etc., La.App.1956, 91 So.2d 106, cert, denied[4]). On this theory the employer might be relieved of a percentage of his remaining comp liability. Since no dissenting employer could ever be bound by his employee’s compromise, as expressly provided by § 1103, the employer who believes the third party’s liability is of a higher order is free to attempt a better settlement or to sue and collect more — or nothing, which is the 80% probability here.
And that raises a possibility which merits consideration, namely that every compromise between employee alone and third party — at least where the employer or comp carrier has not even intervened in the employee’s suit, much less participated in the settlement — should be considered irrelevant to the employee’s comp claim. The comp payer’s rights are unaffected, R.S. 23:1103, and so should be his duties. Consider the present mathematical facts: comp liability $14,600, third party willing to pay $15,000 because employee’s dependent hired a lawyer and filed a suit: if dependent accepts $15,000 she owes (or discharges) the employer to the extent of $14,600 and also owes her lawyer his fee, probably $5,000: She loses $4,600!
Probably, at least where the employer has not intervened, the employee and the third person ought to be able, if they wish, to reserve to the third person his liability to the employer, and settle only his excess liability to the employee or dependent. Especially if the quasi or partial contribution and indemnity theories of Moak v. Link-Belt[5] have validity, a third person, believing himself only vicariously liable for the employer’s fault or only concurrently at fault, may both lawfully object to “discharging” the employer’s comp liability, and at the same time be willing to settle with the employee for the employee’s own account.
The instant settlement purported to he such a settlement. It indemnified the employee against any claim for reimbursement by the employer on account of the settlement. Especially where, as here, the third party’s “legal liability” is 80% improbable and therefore the employer lifts not a finger to pursue him, is it fair that the diligent employee must either forego settlement altogether or else give the fruits of his settlement to the disdainful employer?
After the majority opinion here was issued and this dissent noted but not expressed, the Supreme Court decided Vidrine v. Michigan Millers Mut. Ins. Co., La. (1972). Vidrine holds an employer’s contributory negligence bars recovery of compensation *206 payments from a third person tortfeasor.[6] If, then, as here, one entitled to comp sues and the employer defends on the ground that settlement with a third person bars further comp recovery, is such a defense good? Must the person admittedly entitled to comp further prove that the employer was negligent? Or must the employer rather prove, as part of its affirmative defense, that the third person’s “legal liability” existed in favor of the employer? I hold the latter view. To hold otherwise means that the injured employee must prove both his comp case and a tort case against the employer.
In my opinion, strengthened by Vidrine, the judgment appealed from should be affirmed.

. § 1101 — When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury.
Any employer having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated' to pay as compensation to any injured employee or his dependent. § 1102 — If either the employee or his dependent, or the employer, brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
§ 1103 — In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the *204 compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him. As amended Acts 1958, No. 109, § 1.

. See Moak v. Link-Belt Co., 229 So.2d 395 (La.App.1969), cert. granted, 255 La. 550 and 551, 232 So.2d 75 and 76, dismissed as moot on this point, 257 La. 281, 242 So.2d 515 (1970).
A related question is that of burden of proof. Here plaintiff showed comp liability, and defendant showed only tort settlement. Must plaintiff then show tort liability in defendant, as a defense to defendant’s defense? Or must defendant, in proving its defense, show that its own position as a faultless employer entitles it to unqualified first recovery from the (presumably"!) true tortfeasor? Louisiana’s pleading rules have never required replication, rejoinder, surrejoinder, etc., and it seems preferable, especially in view of the basic rule of construing the statute liberally to afford compensation, to hold that the defendant must unequivocally prove its defense. On an analogous issue we applied this theory to require an insurer to prove completely its exception, rather than oblige the beneficiary to prove an exception to the exception ; Chambers v. First Natl. L. Ins. Co., 253 So.2d 636 (La.App.1971).

.It is here observed that § 1103’s language presumes the intervention authorized by § 1102 has in fact occurred, for § 1103 provides damages shall be “apportioned in the judgment” which could not occur except when both employer and employee were parties. It is next observed that § 1103 provides a compromise by one shall not “be binding upon or affect the rights of the others unless assented to by him.”

. For a contrary reasoning, see Graham v. Industrial Comm., 26 Utah 2d., 424, 491 P.2d 223 (1972).

. Supra, n. 2. See also Redmann, Louisiana Civil Code Principles of Contribution and Indemnity, 17 Loyola L.Rev. 297 (1971).

. Vidrine may also suggest the quasi contribution and indemnity theories of Moak v. Link-Belt, supra n. 2, become meaningless. Moak held that, e. g., where an employee recovered $100,000 in tort, of which even a joint tortfeasor employer got $14,000 comp reimbursement, the third party could have contribution from the joint tortfeasor employer up to the $14,000 comp reimbursement. Vidrine apparently would prevent the comp- reimbursement in such a case from even occurring, which would imply either that the employee would recover $114,000, a double recovery, or else that the third party could plead the employer’s concurrent negligence as a partial bar to the employee’s recovery (to the extent of the employer’s comp liability), and thus reduce the employee’s recovery from the third person to $86,000 (which added to $14,000 comp recovery would total $100,00). The majority opinion here, which would allow the employer to end comp payments upon the employee’s receipt of $86,000 from the third person, is thus inconsistent with Vidrine.